UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GERALDINE O. SERNA, | ) | No. CV 08-01673-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1.   Whether the Administrative Law Judge ("ALJ") properly

considered the mental residual functional capacity ("RFC") for the demands of work activity.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ PROPERLY CONSIDERED THE EVALUATION OF PLAINTIFF'S**

**MENTAL IMPAIRMENT IN THE DISABILITY ANALYSIS**

In his decision (AR 13-17), the ALJ found that Plaintiff has a severe depressive disorder. (AR 16, Finding 2.)  Utilizing techniques set forth in 20 C.F.R. §416.920, the ALJ determined that Plaintiff has the following limitations: mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and no episodes of deterioration or decompensation.  The ALJ determined that Plaintiff is restricted to simple, 1-2 step repetitive tasks with limited public contact. (AR 15.)

In making the foregoing determinations, the ALJ considered the psychiatric consultative examination ("CE") of Dr. Ho, performed on May 18, 2005 (AR 193-195), in which Dr. Ho rendered a prognosis that Plaintiff "is able to make simple social, occupational and personal adjustments." (AR 194.)  Further, the ALJ relied upon the Psychiatric Review Technique Form ("PRTF") of the State Agency psychiatrist dated June 17, 2005 (AR 276-292), which assessed functional limitations and also made a mental RFC assessment. (AR 286-287, 290-292.)  It was

2

opined therein that Plaintiff is capable of simple repetitive tasks of one to two steps, with limited public contact. (AR 292.)

### A.   **Applicable Law**.

In evaluating psychiatric impairments, 20 C.F.R. §404.1520a(e)(1) and §416.920a(e)(1) require that consideration be given, among other things, to activities of daily living ("ADL"); social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. §§404.1520a(c)(1) and 416.920a(c)(1) require that consideration be given to "all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to chronic mental disorders, structured settings, medication and other treatment."

20 C.F.R. §§404.1545(c) and 416.945(c) require that consideration be given to "residual functional capacity for work activity on a regular and continuing basis" and "A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, [which] may reduce your ability to ... work."

The types of relevant evidence to be assessed in making these considerations are set forth in Social Security Ruling ("SSR") 85-16, and include such factors as history, findings, and observations from medical sources, reports of the individual's activities of daily living and work activity, as well as testimony of third parties about the individual's performance and behavior.

Under 20 C.F.R. §404.1520a(c)(2) and §416.920a(c)(2),

consideration must be given to the extent to which a mental impairment interferes with an "ability to function independently, appropriately, effectively, and on a sustained basis ..."

The degree of functional limitations in four broad areas (ADLs; social functioning; concentration, persistence or pace; and episodes of decompensation) are evaluated; that is, as to the first three functional areas, the following five-point scale is utilized: none, mild, moderate, marked, and extreme.  With regard to the fourth area, a four-point scale is utilized: none, one or two, three, four or more. (20 C.F.R. §§416.920a(3),(4) and 404.1520a(c)(3),(4).

Following the September 2000 amendments to the regulations which modified 20 C.F.R. §404.1520a(e)(2) and §416.920a(e)(2), the ALJ is no longer required to complete and attach a PRTF.  Instead, these regulations require that in the decision, the ALJ,

> "[M]ust incorporate the pertinent findings and conclusions based on the [PRTF] technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." [that is, ADLs; social functioning; concentration, persistence or pace; and episodes of decompensation.]

Further guidance is provided in SSR 85-16, which, although it does not specifically mention concentration, persistence or pace, does note, "Ability to sustain activities, interests, and relate to others

4

over a period of time. The frequency, appropriateness, and independence of the activities must also be considered" as well as "ability to function in a work-like situation."

When there is finding of "moderate" difficulties in the area of maintaining concentration, persistence or pace, this factor must be included in any hypothetical question posed at a hearing to a vocational expert ("VE"). Thus, one court has held that referring merely to "simple jobs" or "unskilled sedentary work" in a hypothetical question is insufficient to describe and to accommodate difficulties in this functional area. See Newton v. Chater, 92 F.3d 688 (8th Cir. 1996).

The regulations do not provide a standard definition of "moderate." (See 20 C.F.R. §416.902a(c)(4).) They do note, however, that a finding of "none" or "mild" in the first three areas "will generally [mean] that your impairment(s) is not severe, ..." See 20 C.F.R. §920a(d)(1).

The Commissioner has issued a Policy Operations and Manual of Systems ("POMS"), which is an internal employee guidance manual. While not having the force of law, this manual can be persuasive authority. See Warre v. Commissioner, Social Sec. Admin., 439 F.3d 1001, 1005 (9th Cir. 2006). POMS provides guidance for the completion of the Functional Capacity Assessment form (Form SSA-4734-F4-Sup) and instructs that a reviewing source should check "'[M]oderately limited' when the evidence supports the conclusion that the individual's capacity to perform the activity is impaired." The degree and extent of the capacity or limitation should be set forth in a narrative format in the form.

HALLEX is the Hearings Appeals and Litigation Law Manual, which

is also an internal agency guide.  HALLEX requires that when an ALJ requests a consultative examination, the ALJ should provide the corresponding state agency with a "medical source statement form." (See HALLEX I-2-5-20.)   Form HA-1152, the Medical Assessment of Ability to do Work-Related Activities (Mental), provides definitions for the ratings of none, slight, moderate, marked, and extreme.  Thus, a moderate rating is defined as "there is moderate limitation in this area but the individual is still able to function satisfactorily."

In LaCroix v. Barnhart, 465 F.3d 881, 888 (8th Cir. 2006), the Eighth Circuit upheld an ALJ's finding that a claimant found to have a moderate limitation in her ability to respond appropriately to work pressures in a usual work setting would still be able to satisfactorily function in this area. (Id. at 888.)  The Appellate Court noted that the evaluation form (HA-11) defined moderate as indicating that the individual could still function satisfactorily. (Id.)

**B.   Analysis.**

Plaintiff does not quibble with the opinions of the State Agency physician describing her moderate limitations. (See JS at 8, lines 6-8.)   Plaintiff further agrees that these opinions "are wholly consistent with the opinions of Dr. Ho and the treatment records." (Id.) Plaintiff's argument may be summarized in the following portion of the JS:

> "However, for a person closely approaching advanced age
> with a limited education, the erosive nature of moderate
> impairments in 10 areas of important aspects of the mental
> residual functional capacity do far more than narrow the

1     occupational base, they eradicate it." (JS at 7.)

2

3     At the hearing, the ALJ posed hypothetical questions concerning
4 Plaintiff's mental impairment to the vocational expert ("VE").
5 Indeed, as framed, the ALJ posited an individual who was moderately
6 limited "in regards to virtually all of the mental functions of work
7 ..." (AR 450.)   Clearly, this exceeds the found limitations;
8 therefore, the VE's resulting analysis of available work can only
9 inure to Plaintiff's benefit.   The ALJ refined the hypothetical to
10 limit Plaintiff to "very simple repetitive tasks such as one and two
11 steps instructions and with limited public contact, ..." (AR 450.)
12 These limitations were exactly as found by Dr. Ho and by the State
13 Agency physician, conclusions with which Plaintiff does not disagree.

14     Based on the foregoing, the Court finds that the ALJ's decision,
15 with regard to assessment of Plaintiff's mental impairments and the
16 effect of such impairments on her ability to work, is consistent with
17 the evidence in the record, complies with applicable regulations and
18 law, and the decision is therefore supported by substantial evidence
19 and must be affirmed.

20     The decision of the ALJ will be affirmed.   The Complaint will be
21 dismissed with prejudice.

22     **IT IS SO ORDERED.**

23

24 DATED: December 9, 2008           /s/
                              VICTOR B. KENTON
25                               UNITED STATES MAGISTRATE JUDGE

26

27

28